# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **OLANIYAN ADEFUMI** | : | **CIVIL ACTION** |
| | : | |
| v. | : | |
| | : | |
| **DR. SHARON LIM** | : | **No. 15-1101** |

## MEMORANDUM AND ORDER

Ditter, J.                                                             May 10, 2017

This case comes before me on a motion to dismiss a *pro se* complaint that asserts a civil rights violation. Because the complaint is not in the form required by the rules of civil procedure, I will grant the motion to dismiss but grant the plaintiff an opportunity to amend.[1]

In his complaint, Olaniyan Adefumi alleges that he visited a Health Center of the City of Philadelphia to receive treatment for left shoulder stiffness and a rash on his upper left thigh. Adefumi states that during her examination, Dr. Sharon Lim, a doctor at the Center, touched and massaged him in an inappropriate manner, including handling his penis and testicles. *Id.* Adefumi identifies the basis of the Court's jurisdiction as a federal question, specifically "sexual harassment by a medical doctor against a medical patient."

Federal Rule of Civil Procedure 12(b)(6) provides that a complaint may be dismissed if it fails to state a claim upon which relief can be granted; however, I must accept as true the factual allegations contained in the complaint and view them in the light most favorable to the

---

[1] I will also direct the Clerk of Court to provide plaintiff with a copy of the appropriate form.

plaintiff. In addition, because I am considering a *pro se* complaint, I must construe it liberally and draw all reasonable inferences in favor of the plaintiff.

In order to survive the present motion to dismiss, Adefumi must have alleged that "a person acting under color of state law engaged in conduct that violated a right protected by the Constitution or laws of the United States." *Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013).

First, I find that Adefumi has alleged that Dr. Lim was acting under color of state law: He gives her address as that of a Philadelphia Health Center, that the event in question took place at the Health Center, and that she was assigned to help him.

Thin, but enough.

Second, I find that although he does not identify any specific right, Adefumi has alleged that Dr. Lim violated his bodily integrity, a right protected by the Constitution of the United States. He asserts that she "constantly" touched him in an inappropriate way, he was sexually abused when naked, this conduct went on for 28 to 38 minutes, he refers to her as a "victimizer," and his injuries were extremely bad.

"Individuals have a constitutional liberty interest in bodily integrity that is protected by the Due Process Clause of the Fourteenth Amendment." *Phillips v. County of Allegheny*, 515 F.3d 224, 235 (3d Cir. 2008) (citations omitted); *see generally* U.S. Const. Amend. XIV ("[n]o state shall . . . deprive any person of life, liberty, or property, without due process of law").

Nothwithstanding, Adefumi has failed to comply with Federal Rule of Civil Procedure 10(b). Rule 10(b) requires a party to "state its claims or defenses in numbered paragraphs,

2

each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Adefumi's complaint consists of four long, unnumbered paragraphs. His complaint in its current form makes it almost impossible for Defendants to effectively formulate a response. In the interest of clarity, Plaintiff's complaint will be dismissed with leave to amend within 30 days.

An appropriate order follows.